IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>ORLANDO SMITH and DERRICK JOHNSON,<br><br>               Defendants. | 1:11-cv-2012-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Discharge, Dismissal, Injunctive Relief and Attorneys' Fees filed by Plaintiff State Farm Life Insurance Company ("Plaintiff").

**I.     BACKGROUND**

On June 21, 2011, Plaintiff filed an interpleader complaint pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332. [1]. Plaintiff is a life insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois. Id. at 1. The Complaint alleges that Defendant Smith and Defendant Johnson are citizens of Georgia. Id. at 2. In

April, 2010, Plaintiff issued a Binding Receipt that acknowledged payment for a life insurance application submitted by Demetra Smith. [Pl.'s Mem. in Supp. of Mot. To Discharge at 2]. Defendant Smith, Demetra Smith's spouse, was listed on the application as the primary beneficiary, and Defendant Johnson, Demetra Smith's son, was listed as the successor beneficiary. Id. On May 25, 2010, Defendant Smith allegedly killed Demetra Smith. Id. at 3. Although a life insurance policy had not been issued at the time of Ms. Smith's death, the Plaintiff determined that benefits, in the amount of $250,000, were payable under the terms of the Binding Receipt. Id.

On June 9, 2010, Defendant Johnson filed a claim for the life insurance proceeds. Id. On June 14, 2010, Plaintiff sent a letter to Defendant Smith, and inquired whether he wished to disclaim his rights to the life insurance proceeds based on Georgia's slayer statute.[1]  Id. at 4. Defendant Smith refused to disclaim his rights to the life insurance proceeds, and filed a claim seeking payment of the benefits. Id. On August 20, 2010, Defendant Smith was indicted for the murder of

---

[1] O.C.G.A. § 33-25-13 provides that no person who commits murder shall receive any proceeds from any insurance policy on the life of the deceased, and a plea of guilty or a judicial finding of guilt not reversed or otherwise set aside is considered prima facie evidence of guilt under § 33-25-13. Secondary beneficiaries are entitled to the benefits under the policy if the primary beneficiary is convicted of murder, and the conviction is affirmed on appeal.

Demetra Smith in the Superior Court of Fulton County.  Id.  On July 13, 2011, Defendant Smith answered the Plaintiff's Complaint, and claimed that he was entitled to the life insurance proceeds if found not guilty of murder in the Superior Court of Fulton County.  [4].  In October, 2011, Defendant Smith was convicted of the felony murder of Demetra Smith—predicated on committing an unlawful killing during the course of being a felon in possession of a firearm—but acquitted of first degree murder and aggravated assault.  In late 2010 and early 2011, Plaintiff informed the Defendants that it could not pay the life insurance proceeds until Defendant Smith's criminal case was resolved.  [Pl.'s Mem. in Supp. of Mot. To Discharge at 4].

On September 28, 2012, Defendant Johnson answered the Complaint, filed a counterclaim against the Plaintiff, and a cross-claim against Defendant Smith, seeking benefits under the Binding Receipt as the successor beneficiary of the life insurance proceeds.  [9].  On October 22, 2012, Plaintiff filed an Answer to Defendant Johnson's counterclaim, and stated that it could not determine the rightful beneficiary of the life insurance proceeds.  [13].  On October 25, 2012, Defendant Smith informed the Court that his motion for a new trial was pending in State court.  [15].  On November 6, 2012, Plaintiff moved to deposit $263,763.40 in the registry of the Court, which consisted of the life insurance proceeds in the

amount of $250,000 and interest in the amount of $13,763.40 payable under the Binding Receipt.  [16].  On November 27, 2012, the Court ordered the Clerk of the Court to accept Plaintiff's check in the amount of $263,763.40.  [17].  On February 4, 2013, Defendant Smith informed the Court that his motion for a new trial was still pending in State court.  [25].

On May 10, 2013, Plaintiff moved, with the consent of Defendant Johnson, to discharge itself from any further liability under the Binding Receipt.  Plaintiff also seeks to be dismissed with prejudice from this action, and requests the Court to permanently enjoin the Defendants from filing any claims against Plaintiff in any state or federal court regarding the life insurance proceeds.  Plaintiff also seeks to recover $26,426.60 in attorneys' fees and $940.20 in expenses incurred "in connection with filing its complaint in interpleader, drafting two motions to deposit the life insurance proceeds, conducting research regarding any bases for depositing the life insurance proceeds and the Court's administration of the proceeds, hiring an investigator, locating individuals to ascertain the status of defendant Johnson's claim to the life insurance proceeds and participation in this action (which ultimately resulted in defendant Johnson retaining counsel and appearing in this action), and correspondence with the Court, parties and/or counsel." [Pl.'s Mem. in Supp. of Mot. To Discharge at 9].

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Rule 22 of the Federal Rules of Civil Procedure allows a plaintiff to join as defendants any individuals or entities, who may have claims against the plaintiff that may subject the plaintiff to double or multiple liability. See Fed. R. Civ. P. 22(1). Rule 22 is only a procedural device. Sun Life Assurance Co. of Canada v. Thomas, 735 F. Supp. 730, 732 (W.D. Mich. 1990). It does not provide the Court with subject matter jurisdiction. Id. In an action brought under Rule 22, the plaintiff must establish federal question jurisdiction or diversity jurisdiction. Ohio Nat'l Life Assurance Corp. v. Langkau, 353 F. App'x 244, 249 (11th Cir. 2009). In this case, complete diversity is required between the stakeholder and the claimants. Id. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy also must exceed $75,000. Id.

The Court finds that Defendants Johnson and Smith were properly joined under Rule 22 because Plaintiff may be subjected to multiple liability if Defendant Smith's conviction is affirmed on appeal, and he is thereby prohibited from recovering the life insurance proceeds under Georgia's slayer statute. See Stone Breaker v. Pruco Life Ins. Co., No. 11cv871 WQH (WVG), 2011 WL 5362067, at *2 (S.D. Cal. Nov. 4, 2011) (observing that courts routinely find that an insurer

5

may assert an interpleader action where it is faced with multiple liability due to the primary beneficiary's potential disqualification under the slayer statute). The Court also finds that there is complete diversity here because the Plaintiff is a citizen of the State of Illinois, and there is no dispute that Defendants are citizens of the State of Georgia. The amount in controversy requirement is satisfied because the value of the life insurance policy with interest is $263,763.40. The Court thus concludes that it has subject matter jurisdiction over this matter under Rule 22 and § 1332(a).

      B.      Discharge, Dismissal and Injunctive Relief

"When the court decides that interpleader is appropriate, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." Ohio Nat'l Life Assurance Corp., 353 F. App'x at 248 (citing United States v. High Tech. Prod., Inc., 497 F.3d 637, 641-42 (6th Cir. 2007)). A stakeholder is disinterested when "it ha[s] no interest in the outcome of the dispute between the claimants." Id. at 249. All legal obligations are satisfied when the stakeholder turns the asset over to the registry of the Court. In re Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). Federal courts also have the power to issue an injunction in interpleader actions based on Rule 22 under the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act. General Railway Signal Co.

v. Corcoran, 921 F.2d 700, 707 (7th Cir. 1991).

The Court finds that Plaintiff is a disinterested stakeholder because Plaintiff has admitted its liability under the Binding Receipt, and paid the life insurance proceeds plus interest into the registry of the Court.  The Defendants do not oppose Plaintiff's request to be discharged.  The Court, therefore, fully discharges the Plaintiff from liability regarding the interpleaded funds and dismisses the Plaintiff from this action.  The Defendants are enjoined from instituting or prosecuting any action in any State or United States court against Plaintiff with respect to the interpleaded funds until further order of the Court.

C. Attorneys' Fees

In the court's discretion, costs and attorneys' fees may be awarded, in an interpleader action, to a disinterested stakeholder.  Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986).  The Eleventh Circuit, however, has recognized an exception for interpleader claims that arise out of the normal course of a stakeholder's business.  In re Mandalay Shores Coop. Hous. Ass'n, the Eleventh Circuit observed that the ordinary course of business exception is "typically applied to insurance companies" in interpleader actions.  21 F.3d 380, 383 (11th Cir. 1994).  "Lower courts in this Circuit have adhered to the *Mandalay Shores* guidance and have generally been loath to award fees and costs to life

insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." American Gen. Life Ins. Co. v. Jones, No. 08-0211-WS-B, 2008 WL 494847, at *3 (S.D. Ala. Nov. 13, 2008) (citations omitted).

In American General, the district court considered whether to award attorneys' fees in an interpleader action brought by an insurer that faced conflicting claims to the life insurance proceeds due to the potential disqualification of the primary beneficiary of the policy under Alabama's slayer statute.  The district court denied the insurer's request for attorneys' fees because it was a life insurance company, and the resolution of disputes related to the claimants' conflicting claims was a normal and expected course of business in the life insurance industry.  Id. at *4.  The district court also found that the interpleader action was brought in the life insurance company's own self-interest.  Id.  The Court is persuaded by the district court's reasoning in American General.  Here, Plaintiff seeks to recover nothing more than the full cost of litigating this dispute along with the administrative costs associated with the resolution of conflicting claims to an insurance policy that Plaintiff issued in the ordinary course of business.  Plaintiff brought this action for its own benefit.  Plaintiff's business model assumes the risks that it now seeks to shift to its customers.  There are no special circumstances that would warrant an

award of attorneys' fees in this matter. Accordingly, the Plaintiff's request for attorneys' fees and costs in this matter is required to be denied.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's request to be discharged from this action is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is hereby **DISMISSED** and **DISCHARGED WITH PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's request for an injunction barring the Defendants from instituting any action in any State or Federal court regarding the life insurance proceeds is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that the **CLERK** is directed to **TERMINATE** the Plaintiff as a party to these proceedings.

**SO ORDERED** this 7th day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE