# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DERRICK JOHNSON,**

    Cross-Claimant,

v.

**ORLANDO SMITH,**

    Defendant.

1:11-cv-2012-WSD

## OPINION AND ORDER

This matter is before the Court on the parties' response to the Court's May 29, 2014, Order, to show cause why this case should not be dismissed for want of prosecution [30, 32], and Defendant Orlando Smith's ("Orlando Smith") Motion for Return of Document [35].

## I. BACKGROUND

In April, 2010, State Farm Casualty and Insurance Company ("State Farm") issued a life insurance policy (the "Policy") to Demetra Smith. Defendant Orlando Smith, Demetra Smith's spouse, was listed on the application as the primary beneficiary, and Cross-Claimant Johnson ("Johnson"), Demetra Smith's son, was listed as the successor beneficiary. On May 25, 2010, Orlando Smith allegedly killed Demetra Smith. Although the Policy had not been issued at the time of Ms.

Smith's death, State Farm determined that benefits, in the amount of $250,000, were payable under the terms of the Policy.

On June 9, 2010, Johnson filed a claim for the proceeds payable under the Policy as a result of Demetra Smith's death. On June 14, 2010, State Farm sent a letter to Orlando Smith to ask whether he wished to disclaim his rights to the benefits under the Policy based on Georgia's slayer statute.[1] Orlando Smith refused to disclaim his rights to the life insurance proceeds, and filed his claim for benefits under the Policy.

On August 20, 2010, Orlando Smith was indicted in the Superior Court of Fulton County for the murder of Demetra Smith. In October, 2011, Orlando Smith was convicted of the felony murder of Demetra Smith. He was acquitted of first degree murder. Orlando Smith is challenging his convictions, including by moving for a new trial. In late 2010 and early 2011, State Farm informed Orlando Smith and Johnson that it could not determine to whom to pay the life insurance benefits until Orlando Smith's criminal case is finally resolved.

On June 21, 2011, State Farm filed an interpleader complaint against Orlando Smith and Johnson pursuant to Rule 22 of the Federal Rules of Civil

---

[1] Under Georgia law, an insurance beneficiary cannot claim life insurance benefits if the claimant murdered the insured. O.C.G.A. § 33-25-13. See page 5 for the text of the slayer statute.

2

Procedure and 28 U.S.C. § 1332. On September 28, 2012, Johnson answered the Complaint, filed a counterclaim against State Farm, and a cross-claim against Orlando Smith, seeking benefits as the successor beneficiary of the Policy. On October 22, 2012, State Farm filed its Answer to Johnson's counterclaim, and stated that it cannot determine the beneficiary of the life insurance proceeds until Orlando Smith's criminal case is finally resolved. On October 25, 2012, Orlando Smith informed the Court that his motion for a new trial is pending in State court.

On November 6, 2012, State Farm moved to deposit $263,763.40 in the registry of the Court. This amount, consisted of the face value of the Policy in the amount of $250,000, and interest in the amount of $13,763.40 payable under the Policy. On November 27, 2012, the Court ordered the Clerk of the Court to accept State Farm's check in the amount of $263,763.40. On February 4, 2013, Orlando Smith informed the Court that his motion for a new trial is still pending in State court.

On May 10, 2013, State Farm moved, with Johnson's consent, to discharge itself from any further liability under the insurance policy. State Farm sought to be dismissed with prejudice from this action, and requested the Court to permanently enjoin Orlando Smith and Johnson from filing any claims against State Farm in any state or federal court regarding the life insurance proceeds. On January 7,

3

2014, the Court dismissed and discharged State Farm from this action, and enjoined Orlando Smith and Johnson from instituting any action against State Farm regarding the life insurance proceeds.

On May 29, 2014, after nearly five months of inactivity in this case, the Court Ordered Johnson to show cause why this case should not be dismissed for want of prosecution. On June 13, 2014, Johnson responded to the Court's show cause Order, contending that this case cannot proceed until Orlando Smith's appeal of the conviction for felony murder is resolved by the appellate courts in Georgia. On June 23, 2014, Orlando Smith responded to the Court's show cause order, and stated that the Court should "have everything set aside until defendant smith is able to have a fair (appeal) on defendant[s] behalf." Smith's Resp. at 2. The Court construes the parties' response to its May 29, 2014, Order, as a joint request to stay this case until Orlando Smith's State direct appeal rights are exhausted.

## II. DISCUSSION

A district court has the inherent power to control its docket and manage cases before it. Ortega Trujilo v. Conover & Co. Comm., Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). As an incident to this inherent power, the Court has broad discretion to stay proceedings. Id. (quoting Clinton v. Jones, 520 U.S. 681, 705 (1997)). "When a district court exercises its discretion to stay a case pending the

4

resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Id. at 1264. The scope of a stay, including its duration, and the reasons for the stay are factors to be considered in determining whether a case should be stayed pending resolution of a related proceeding. Id.

O.C.G.A. § 33-25-13, known as the "slayer statute," provides that

> No person who commits murder or voluntary manslaughter or who conspired with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code Section.

Secondary beneficiaries are entitled to the benefits under a life insurance policy if the primary beneficiary is convicted of murder, and the conviction is affirmed on appeal. O.C.G.A. § 33-25-13. Under the slayer statute, the murder or voluntary manslaughter of the insured "may serve as prima facie evidence of guilt in a civil proceeding . . . upon either the exhaustion of the individual's right to a direct appeal or the expiration of time within which a first direct appeal could have been timely filed." Slakman v. Continental Casualty Co., 587 S.E.2d 24, 27 (Ga. 2003). The phrase "not reversed or otherwise set aside" does not encompass the right to exhaust all remedies, including a collateral challenge to the conviction because habeas corpus proceedings are "intended to provide an avenue for

5

upsetting judgments that have otherwise become final." Id. at 26 (citing Gibson v. Turpin, 413 S.E.2d 186 (Ga. 1999)).

Orlando Smith represents that he is still waiting for a decision on his motion for a new trial, and implies that he will file a direct appeal to his conviction for felony murder if a new trial is not granted. Johnson does not contend that the time Orlando Smith has to file a direct appeal has expired. Orlando Smith has not exhausted his right to a direct appeal to the state courts in Georgia. The Court concludes that a stay is warranted because the parties agree that this matter cannot proceed until Orlando Smith exhausts his right to a direct appeal of his criminal conviction.[2]

---

[2] The Court recognizes, however, that a stay is deemed to be immoderate if the proceedings in another forum are not progressing quickly. Ortega, 221 F.3d at 1264-65. "An individual may be barred even in the absence of a criminal conviction if it is determined under the appropriate standard of proof that the individual committed murder or voluntary manslaughter or conspired to commit murder." Slakman, 587 S.E.2d at 26. Georgia's slayer statute authorizes the Court to determine whether Orlando Smith or Johnson is entitled to the life insurance proceeds regardless of the outcome of Orlando Smith's appeal to the State courts. The parties, therefore, may move the Court to consider lifting the stay in this matter if they reasonably believe that Smith's case is not progressing in a timely manner, and the Court will then determine whether it is appropriate to lift the stay. See American Manuf. Mut. Ins. V. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1524 (11th Cir. 1984) (finding stay of federal proceedings pending the outcome of state court proceedings to be indefinite where state court proceedings had been pending for 18 months and no trial date had been set in state court).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this case is **STAYED** until Orlando Smith exhausts his right to a direct appeal to the State courts.

**IT IS FURTHER ORDERED** that the **CLERK** shall make a copy of the attorney-client letter that Orlando Smith filed on June 23, 2014 [33 at p. 4-6], and return the original document to Orlando Smith by certified mail.

**SO ORDERED** this 29th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE